IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID L. PRESLEY,                )<br>                                           )<br>            Plaintiff,              )<br>                                           )<br>     v.                                   )<br>                                           )<br>MICHAEL J. ASTRUE,            )<br>Commissioner of Social Security, )<br>                                           )<br>            Defendant.            )<br>                                           )<br>                                           ) | Case No. 07-2060-JWL |

## **MEMORANDUM AND ORDER**

In this action, plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of a final decision by defendant Commissioner of Social Security ("the Commissioner") to deny plaintiff disability benefits under the Social Security Act. By Report and Recommendation, Magistrate Judge Reid recommended that the Commissioner's decision be affirmed (Doc. # 8). This matter now comes before the Court upon plaintiff's objections to the Magistrate Judge's Report and Recommendation (Doc. # 9). For the reasons set forth below, the Court overrules the objections, and it affirms the Commissioner's denial of benefits to plaintiff.

## I. Background

After plaintiff's applications for Social Security benefits were denied initially, plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). On March 31, 2006, the ALJ issued his decision, by which he found that plaintiff was not disabled and denied plaintiff's applications.

In his applications, plaintiff alleged an inability to work due to seizures, back problems, breathing problems, and a bipolar disorder. With respect to the credibility of plaintiff's allegations, the ALJ concluded as follows:

> The claimant's statements concerning his impairments and their impact on his ability to work are not entirely credible in light of the activities that he is able to perform, inconsistencies in his allegations, the minimal amount of treatment he has received for some of his alleged impairments, the reports of the treating and examining practitioners, and the medical history.

The ALJ concluded that plaintiff did not have a medically determinable breathing disorder; that he had no severe seizure disorder that caused more than a slight limitation in the ability to do basic work tasks; and that he had no severe back, neck, or knee disorder that caused more than a slight limitation. The ALJ did conclude that plaintiff had the severe impairment of a bipolar disorder. With respect to that disorder, the ALJ found as follows:

> The undersigned finds that the claimant has significant non-exertional limitations which interfere with his ability to work. The evidence supports a finding that he is unable to understand, remember, and carry out other than simple one or two step tasks; interact with the public or coworkers more than occasionally; or work exposed to unprotected heights.

The ALJ further concluded that plaintiff could not return to any former employment.

Nevertheless, the ALJ found that plaintiff was not disabled for purposes of the Social Security Act because, based on plaintiff's residual functional capacity and other factors, plaintiff could make a successful vocational adjustment to jobs existing in significant numbers in the national economy.  In making this finding, the ALJ chose not to give great weight to the opinions of plaintiff's treating medical personnel concerning his limitations and ability to work, based on the following:

> [The opinions] are not supported by reports of their observations of the claimant's behavior and abilities.  Further, their opinions are inconsistent with the reported observations of Dr. Schlosberg and Dr. Shah.  Moreover, the record reveals that the claimant is often noncompliant with prescribed treatment and takes advantage of assistance offered by others.  Their opinions are also obviously based, at least in part, on allegations by the claimant which, as discussed earlier, are often inconsistent and of doubtful credibility.  In addition, there is no evidence that [any of the treating personnel] is a vocational expert.  Thus their opinion that the claimant cannot do any substantial gainful activity is not expert opinion.

Plaintiff's administrative appeal of the ALJ's decision was denied by the Commissioner. Plaintiff now seeks judicial review of the Commissioner's final decision denying him benefits.

3

## II.     **Applicable Standards of Review**

This Court has limited review of the Commissioner's determination that plaintiff is not disabled within the meaning of the Social Security Act. *See Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The Court examines whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* The Court "neither reweighs the evidence nor substitutes its judgment for that of the Commissioner." *Id.*

The Court reviews de novo those portions of the Magistrate Judge's Report and Recommendation to which a written objection has been made. D. Kan. Rule 72.1.4(b); Fed. R. Civ. P. 72(b). Those portions to which neither party objects are deemed admitted, and failure to object constitutes a waiver of any right to appeal. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004); *Johnson v. Barnhart*, 402 F. Supp. 2d 1280, 1282 (D. Kan. 2005). The Court is afforded considerable discretion in determining what reliance it may place upon the Magistrate Judge's recommendations and findings. *See Johnson*, 402 F. Supp. 2d at 1282. The Court may accept, reject, or modify the Magistrate Judge's disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Johnson*, 402 F. Supp. 2d at 1282.

### **III.**     **Analysis**

#### A.     *The ALJ's Credibility Determination*

Plaintiff first takes issue with the ALJ's finding that plaintiff's statements concerning his limitations were "not entirely credible". "Credibility determinations are peculiarly the province of the finder of fact." *Diaz v. Secretary of HHS*, 898 F.2d 774, 777 (10th Cir. 1990). Accordingly, in reviewing the ALJ's credibility determinations, the Court will usually "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." *Casias v. Secretary of HHS*, 933 F.2d 799, 801 (10th Cir. 1991). Nevertheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted).

In his initial brief to the Magistrate Judge, plaintiff argued that the evidence before the ALJ did establish sufficient limitations on plaintiff's ability to work. Plaintiff did not address any of the specific reasons cited by the ALJ for his credibility determination. In his Report and Recommendation, the Magistrate Judge noted that the ALJ did find a severe impairment and some limitations, and that the record did provide some evidence in support of plaintiff's position on disability. Nevertheless, the Magistrate Judge concluded that the ALJ properly provided specific reasons for his credibility determination and that, based upon a review of the record, such determination was supported by substantial evidence. Accordingly, the Magistrate Judge refused to

reweigh the evidence or to disturb the credibility findings of the trier of fact.

In objecting to the Report and Recommendation of the Magistrate Judge, plaintiff again fails to address all of the specific reasons cited by the ALJ. Plaintiff has attempted to address the ALJ's citation to plaintiff's inconsistent allegations. In that regard, plaintiff argues that while his allegations of physical limitations may have been inconsistent, his claim of disability was based primarily on his mental impairments. The Court rejects this argument. The ALJ did not consider those inconsistencies as directly bearing on whether plaintiff was disabled; rather, the ALJ cited the inconsistencies as bearing on plaintiff's credibility, which in turn affected how he weighed plaintiff's testimony concerning his limitations. The ALJ's finding that plaintiff's allegations were inconsistent in some respects was supported by substantial evidence, as cited by the ALJ in his decision.

Plaintiff has also now attempted to address the ALJ's citation to plaintiff's activities as a specific basis for the ALJ's credibility determination. In his decision, the ALJ noted evidence that plaintiff played video games for long periods; played pool; drove; worked "under the table" to avoid reporting income;[1] performed household chores; climbed stairs; read books; performed yard work; did odd jobs around the house, such as painting and moving things; and on one occasion traveled 300 miles to help his

---

[1]The ALJ found that this willingness to "work under the table" also weighed against plaintiff's credibility. Plaintiff has not addressed this particular basis for the ALJ's credibility finding.

6

sister care for her children for six months.

Plaintiff argues that the ALJ may not rely on such activities as evidence weighing against a disability, and that plaintiff's most severe impairments were not physical at any rate. Plaintiff cites to *Thompson v. Sullivan*, 987 F.2d 1482 (10th Cir. 1993), in which the court stated:

> In addition, the ALJ may not rely on minimal daily activities as substantial evidence that claimant does not suffer disabling pain. The sporadic performance of household tasks or work does not establish that a person is capable of engaging in substantial gainful activity.

*Id.* at 1490 (quotation and citations omitted). Similarly, in *Talbot v. Heckler*, 814 F.2d 1456 (10th Cir. 1987), also cited by plaintiff, the Tenth Circuit noted that although some limited daily activities may not in themselves establish that a person is able to engage in substantial gainful activity, they may be considered along with medical testimony. *See id.* at 1462.

The Court also rejects this argument by plaintiff. Again, the ALJ did not cite the evidence of plaintiff's activities merely as probative of his ability to work, but also as probative of his credibility. Moreover, the specific evidence cited by the ALJ revealed activities going beyond mere sporadic household chores. Finally, the ALJ cited a number of other bases for his credibility determination, and he relied on the medical evidence for his ultimate disability ruling; accordingly, the ALJ was permitted to consider plaintiff's activities, whether or not those activities might have been enough in themselves to establish an ability to work.

7

Plaintiff has not challenged any of the other specific reasons cited by the ALJ for his credibility determination, which are therefore deemed accepted. The Court agrees with the Magistrate Judge that substantial evidence and specific findings cited by the ALJ supported the ALJ's credibility determination. Therefore, the Court will defer to that determination, and this objection by plaintiff is overruled.

### B. *Weight Given to Opinions of Treating Medical Personnel*

Plaintiff also challenges the ALJ's decision not to give controlling weight to the opinions of his treating medical personnel.

> A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it. When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physician's reports to see if they outweigh the treating physician's report, not the other way around. The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled.

*Goatcher v. United States Dept. of HHS*, 52 F.3d 288, 289-90 (10th Cir. 1995) (citations and quotation omitted).

In his initial brief, plaintiff argued only that the evidence that his treating medical personnel knew of his alcohol and drug relapses and that their opinions would be the same even without plaintiff's substance abuse contradicted the ALJ's reliance on plaintiff's untruthfulness regarding sobriety maintenance. As the Magistrate Judge pointed out, however, the ALJ did not cite such untruthfulness in his final decision as a reason for his refusal to give controlling weight to the opinions of the treating personnel.

8

In objecting to the Magistrate Judge's Report and Recommendation, plaintiff has again failed to address all of the specific reasons cited by the ALJ for his decision.[2] In attempting to attack the first reason cited by the ALJ, plaintiff has noted a few observations made by the treating team, but he has not stated how those observations supported their ultimate opinion regarding his ability to work. With respect to the ALJ's second reason, plaintiff noted that he was examined by one of the consulting physicians, Dr. Schlosberg, only twice; he has not explained why the consulting experts' opinions should be disregarded or discounted, however. Plaintiff has not addressed any of the other reasons cited by the ALJ.

The Court agrees with the Magistrate Judge that the ALJ's decision not to give controlling weight to some opinions of the treating personnel was properly supported by specific reasons based on substantial evidence. The Court may not reweigh that evidence in favor of one set of expert opinions over another. Accordingly, this objection by plaintiff is overruled, and the Commissioner's denial of benefits is affirmed.

IT IS THEREFORE ORDERED BY THE COURT THAT the Court adopts the Report and Recommendation of the Magistrate Judge, **overrules** plaintiff's objections

---

[2]Although the Commissioner submitted a response brief (Doc. # 10), he refused to address plaintiff's specific objections, and instead merely referred to his initial brief (while citing a previous case as effectively forcing him to file even that much of a response). Accordingly, the Court was unable to consider the Commissioner's position with respect to plaintiff's specific arguments.

to that Report (Doc. # 9), and **affirms** the decision of the Commissioner to deny disability benefits to plaintiff.

IT IS SO ORDERED.

Dated this 12th day of December, 2007, in Kansas City, Kansas.

                                         s/ John W. Lungstrum
                                         John W. Lungstrum
                                         United States District Judge